J-S15043-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH DUANE HUSBAND | : | |
| | : | |
| Appellant | : | No. 1624 WDA 2018 |

Appeal from the PCRA Order Entered October 11, 2018
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0000738-2013

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:               FILED APRIL 15, 2019

Appellant, Kenneth Duane Husband, appeals pro se from the order that denied his second petition per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On June 30, 2014, Appellant entered a negotiated guilty plea to multiple sex offenses.  The court sentenced Appellant that day to an aggregate term of 15 to 30 years' imprisonment, plus 5 years' probation, and ordered lifetime sex offender registration under Megan's Law III. Appellant did not file a direct appeal.  On June 19, 2015, Appellant timely filed his first pro se PCRA petition; the PCRA court appointed counsel and later denied relief on December 22, 2016.  This Court affirmed on September 6, 2017, and our Supreme Court denied allowance of appeal on February 27, 2018.  See Commonwealth v. Husband, 178 A.3d 138 (Pa.Super. 2017) (unpublished memorandum), appeal denied, ___ Pa. ___, 182 A.3d 435

_____
*   Retired Senior Judge assigned to the Superior Court.

(2018).

On June 29, 2018, Appellant filed pro se his second PCRA petition, styled as a post-sentence motion, asserting relief due from an illegal sentence under, inter alia, Commonwealth v. Muniz, 640 Pa. 699, 164 A.3d 1189 (2017), cert denied, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), and Commonwealth v. Butler, 173 A.3d 1212 (Pa.Super. 2017), appeal granted, ___ Pa. ___, 190 A.3d 581 (2018). The PCRA court issued Rule 907 notice on September 5, 2018, and on October 11, 2018, the court denied relief. Appellant timely filed a pro se notice of appeal on November 9, 2018, and a timely court-ordered Rule 1925(b) statement on November 29, 2018.

Any petition for post-conviction collateral relief will generally be considered a PCRA petition if the petition raises issues cognizable under the PCRA. Commonwealth v. Jackson, 30 A.3d 516 (Pa.Super. 2011), appeal denied, 616 Pa. 634, 47 A.3d 845 (2012); 42 Pa.C.S.A. § 9542. The timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Zeigler, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could first

have been presented. See 42 Pa.C.S.A. § 9545(b)(1)-(b)(2).[1] To assert the newly-created-constitutional-right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." Commonwealth v. Chambers, 35 A.3d 34, 41 (Pa.Super. 2011), appeal denied, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's petition challenged the legality of the sentence, which is cognizable under the PCRA, and the court properly treated the filing as a PCRA petition. See 42 Pa.C.S.A. § 9543(a)(2)(i); Jackson, supra. The judgment of sentence became final on July 30, 2014, upon expiration of the time to file a direct appeal. See Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on June 29, 2018, which is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception, citing Muniz, supra. Muniz, however, does not satisfy the newly-recognized constitutional-right exception to the PCRA time-bar. See Commonwealth v. Murphy, 180 A.3d 402 (Pa.Super. 2018), appeal denied,

_____

[1] As of December 24, 2018, Section 9545(b)(2) now provides any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could first have been presented. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Appellant's case, which arose before the effective date of the amendment. Further, the timing under Section 9545(b)(2) runs from the filing date of the cited decision. Commonwealth v. Secreti, 134 A.3d 77, 80 (Pa.Super. 2016). Here, Appellant filed his current petition on June 29, 2018, more than 60 days after Muniz, which was decided on July 19, 2017.

___ Pa. ___, 195 A.3d 559 (2018) (stating petitioner cannot rely on Muniz to meet timeliness exception under Section 9545(b) unless and until Supreme Court allows). Therefore, Appellant's petition remains time-barred; and the PCRA court lacked jurisdiction to review it on the merits. See Zeigler, supra. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/2019